# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| ROSALYN LIVINGSTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-00327-JAR |
| | ) | |
| ALLY FINANCIAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on Plaintiffs' Motion to Reinstate Cause. (Doc. 5). On February 28, 2020, Plaintiffs filed a complaint against Defendant Ally Financial, Inc. concerning a lien placed on a 2013 Chevrolet Silverado pickup truck. (Doc. 1). Plaintiffs failed to promptly serve Defendant. On August 21, 2020, this Court ordered Plaintiffs to show cause within 21 days why the case should not be dismissed for failure to prosecute the claims. (Doc. 3). After no response was filed, this Court ordered dismissal without prejudice. (Doc. 4).

Plaintiffs now seek reinstatement of the action. Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In accordance with Rule 4(m), and nearly six months after the complaint was filed, this Court ordered Plaintiffs to show cause why this case should not be dismissed for failure to obtain service on Defendant. (Doc. 3). Plaintiffs failed to file any response to the Show Cause Order, and this Court ordered dismissal accordingly. (Doc. 4).

1

Plaintiffs now assert that they "followed the proper procedures and it is of no fault of Plaintiffs that the Defendants were not served by the United States Marshals in Detroit, MI." (Doc. 5 at 1). Plaintiffs had other options, however, including hiring a special process server to obtain service on Defendant, a corporation based in Michigan. The Eighth Circuit has clearly held that reliance on an out-of-state process server is insufficient to demonstrate good cause under Rule 4(m). *Colasante v. Wells Fargo Corp.*, 81 Fed.Appx. 611, 613 (8th Cir. 2003). Moreover, this Court already granted Plaintiffs additional time to demonstrate good cause for their failure to obtain service, and Plaintiffs simply failed to respond to the Court's Show Cause Order.[1] While the Court is sympathetic to Plaintiffs' situation, they have failed to establish good cause.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Reinstate Cause (Doc. 5) is **DENIED.**

Dated this 7th day of October, 2020.

_John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[1] Failure to respond to the Court's Show Cause Order also warranted dismissal under Fed. R. Civ. P. 41(b). *See Warner v. Dillard's, Inc.*, No. 4:05-CV-664 MLM, 2006 WL 27429 (E.D. Mo. Jan. 5, 2006)