## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROSALYN LIVINGSTON, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) )   Case No. 4:20-cv-00327-JAR |
| ALLY FINANCIAL, INC. | ) ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This closed matter is before the Court on Plaintiffs' Appeal to the District Court of the Magistrate Judge's Order. (Doc. 7). On February 28, 2020, Plaintiffs filed a complaint against Defendant Ally Financial, Inc. concerning a lien placed on a 2013 Chevrolet Silverado pickup truck. (Doc. 1). Plaintiffs failed to promptly serve Defendant. On August 21, 2020, this Court ordered Plaintiffs to show cause within 21 days why the case should not be dismissed for failure to prosecute the claims. (Doc. 3). After no response was filed, this Court ordered dismissal without prejudice. (Doc. 4). Plaintiffs then filed a Motion to Reinstate Cause (Doc. 5), which this Court denied because dismissal was appropriate under Fed. R. Civ. P. 4(m). (Doc. 6).

Plaintiffs again seek reinstatement, arguing that they "followed the proper procedure for service of process and it is no fault of Plaintiffs that the Defendant was not served." (Doc. 7 at 2). This Court will liberally construe Plaintiffs' filing as a motion for reconsideration.[1] In accordance with Eighth Circuit precedent, moreover, this Court will treat Plaintiff's motion for reconsideration as a Fed. R. Civ. P. 59(e) motion to alter or amend a judgement because it is directed at a dispositive

---

[1] Plaintiffs describe their motion as an appeal from the Magistrate Judge's Order. (Doc. 6 at 1). This Court clarifies that no magistrate judge participated in the disposition of Plaintiffs' claim. It also does not appear that Plaintiffs are attempting to appeal this Court's dismissal to the United States Court of Appeals for the Eighth Circuit.

order.[2] *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) ("Rule 59(e) motions are motions to alter or amend a judgment, not any nonfinal order."). Plaintiffs' motion is timely because it was filed within 28 days of this Court's order of dismissal.

Rule 59(e) motions "serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). A district court has broad discretion in deciding whether to grant a motion under Rule 59(e). *See United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

In the instant motion, Plaintiffs simply restate their position that they should not be blamed for failing to obtain service of process on Defendant because they followed proper procedure for service through the U.S. Marshals. (Doc. 7 at 2). In accordance with Fed. R. Civ. P. 4(m), this Court previously gave Plaintiffs an opportunity to show cause why they had not obtained service of process. (Doc. 3). This case was dismissed without prejudice after Plaintiffs failed to respond to this Court's Show Cause Order. (Doc. 4). Because Plaintiffs have not established a manifest error of law or presented new, material evidence, their motion for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Appeal to the District Court of the Magistrate Judge's Order (Doc. 7) is **DENIED.**

Dated this 29th day of October, 2020.

                                                      */s/ John A. Ross*
                                                      JOHN A. ROSS
                                                      UNITED STATES DISTRICT JUDGE

---

[2] This Court would reach the same conclusion if Plaintiffs' motion were examined as a motion for relief from a final judgment, order, or proceeding under Fed. R. Civ. P. 60(b), which requires exceptional circumstances to justify relief. *See Arnold v. ADT Sec. Servs.*, 627 F.3d 716, 721 (8th Cir. 2010).